IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EUGENE MICHAEL GROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-021 |
| | ) | (Formerly CR 115-077) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

#### A. Indictment and Agreement to Plead Guilty

On August 4, 2015, the grand jury in the Southern District of Georgia charged Petitioner and fifteen co-defendants in a thirty-three-count indictment alleging numerous drug and firearm-related crimes associated with a conspiracy to distribute and possess with intent to distribute controlled substances. United States v. Gross, CR 115-077, doc. no. 1 (S.D. Ga. Aug. 4, 2015) (hereinafter "CR 115-077"). The indictment charged Petitioner in four counts: one conspiracy count, two counts of use of a communications facility in causing

or facilitating the commission of a felony, and one count of possession of a firearm by a convicted felon. Id. The Court appointed attorney Wendell E. Johnston, Jr., under the Criminal Justice Act to represent Petitioner. Id., doc. no. 146.

On February 17, 2016, Petitioner appeared with counsel before Chief United States District Judge J. Randal Hall and pled guilty to Count One of the indictment: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D). Id., doc. nos. 309-11, 353 (Rule 11 Tr.). In exchange for the guilty plea, the government agreed to (1) dismiss the remaining three counts with which Petitioner had been charged in the indictment; (2) not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 311 (Plea Agreem't).

> For his part, Petitioner admitted the factual basis for his guilty plea as follows:
>
> The elements necessary to prove the offense charged in Count One are (1) that the Defendant conspired or agreed with another person, to try to accomplish a common and unlawful plan, as charged, (2) that, knowing the unlawful purpose of the plan, the Defendant willfully joined in it; and (3) that the object of the unlawful plan was to distribute or possess with intent to distribute marijuana.
>
> Defendant agrees that he is, in fact, guilty of Count One. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:
>
> That beginning on or before August 17, 2013, the exact beginning date being unknown to the Grand Jury, and continuing until the return of this indictment, in Jefferson County in the Southern District of Georgia, and elsewhere, the

2

> defendant herein, **EUGENE MICHAEL GROSS**, did knowingly and intentionally combine, conspire, confederate, and agree together with other persons known and unknown, to commit certain offenses against the United States, that is, to distribute and to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. With respect to **EUGENE MICHAEL GROSS** as a result of his own conduct, and the conduct of other conspirators, it was reasonably foreseeable to him that this conspiracy involved marijuana in violation of Title 21, United States Code, 841(b)(1)(D).

Id. at 2.

As part of his plea agreement, Petitioner also agreed to waive the right to file a direct appeal of his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 5. Petitioner further waived his right to collaterally attack his conviction and sentence for any reason except for raising a claim of ineffective assistance of counsel. Id. at 6.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"), which set Petitioner's Total Offense Level at 23, Criminal History Category at III, and Guideline imprisonment range at 57 to 71 months. PSI ¶¶ 27, 36, 56. However, because the statutory maximum term of imprisonment for the charge to which Petitioner pled guilty was five years, 21 U.S.C. § 841(b)(1)(D), the Guideline imprisonment range changed to 57 to 60 months. PSI ¶ 55, 56.

Petitioner originally raised one objection to the PSI, relating to an increase in his offense level for possession of a firearm, but that objection was withdrawn. See PSI Add.; CR 115-077, doc. no. 498, Sent. Tr. 2-3. Chief Judge Hall sentenced Petitioner on June 23, 2016, to a term of imprisonment of 60 months. Sent. Tr. 7; CR 115-077, doc. nos. 421, 427.

All other remaining charges against Petitioner were dismissed, and judgment entered on June 27, 2016. Sent. Tr. 10; CR 115-077, doc. no. 427.

### C. Post-Conviction Proceedings

Consistent with the plea agreement and the Post-Conviction Consultation Certification signed by Petitioner and his counsel, Petitioner did not file a direct appeal. Plea Agreem't, p. 5; CR 115-077, doc. no. 428. Petitioner did decide, however, to file a § 2255 motion, which the Clerk of Court docketed on February 8, 2017. (Doc. no. 1.) Petitioner raises one claim of ineffective assistance of counsel, "During the sentencing process the attorney fail[ed] to argue the Amendment 794, which affords the defend[a]nt the right to be heard on a minor role in a conspiracy." (Id. at 4.) Petitioner seeks to be re-sentenced with the benefit of a minor role reduction. (Id. at 12.) Respondent argues the § 2255 motion should be denied because Mr. Johnston had no basis upon which to argue for a minor role reduction. (Doc. no. 3.)

## II. DISCUSSION

### A. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give

4

significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). Importantly, prejudice cannot result when counsel fails to raise a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

**B.  Petitioner Fails to Show He Is Entitled to Relief Based on the Conclusory Claim that Counsel Should Have Argued for a Minor Role Reduction.**

In a claim devoid of factual or legal support, Petitioner contends he received constitutionally ineffective assistance of counsel because Mr. Johnston failed to "argue the Amendment 794." (Doc. no. 1, p. 4.) Presumably, Petitioner bases his argument on Amendment 794 to the United States Sentencing Guidelines, which, effective November 1, 2015, set out guidance for the determination of whether a defendant should be granted a mitigating role reduction under U.S.S.G. § 3B1.2. Under this provision of the Guidelines, a sentencing court may apply a two-level reduction to the base offense level "if the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). The comments to § 3B1.2 explain a minor role reduction is available to a defendant "who plays a part in

5

committing the offense that makes him substantially less culpable than the average participant in the criminal activity." Id. cmt. n.3(A).

However, Amendment 794 made no substantive change to § 3B1.2. Rather, Amendment 794 "merely clarified the factors to consider for a minor-role adjustment." See United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016). Post Amendment 794, the commentary to § 3B1.2 lists the following considerations for analyzing a minor-role claim:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

United States v. Monzo, 852 F.3d 1343, 1346 (11th Cir. 2017) (citing U.S.S.G. § 3B1.2 cmt. n.3(C))

As the proponent of the reduction, Petitioner bears the burden of showing his mitigating role by a preponderance of the evidence. See United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (*en banc*). However, he offers *absolutely no* factual or legal argument in support of his contention that he was eligible for a minor-role reduction. As

Respondent succinctly summarizes, the uncontested information in the PSI and presented in the proceedings before Chief Judge Hall demonstrates Petitioner's involvement in the drug conspiracy to which he pled guilty was not minor:

> On February 12, 2015, agents intercepted a phone call between [Petitioner] and Howard in which Howard told [Petitioner] that he got 100 pounds of mari[j]uana and was attempting to get 100 more pounds. [Petitioner] told Howard that he [(Petitioner)] had sold 20 pounds and wanted to get at least that many more the next time. (PSR ¶¶ 7-9.) Further, Melvin Howard stated that between January 2011 and October 2011, he provided [Petitioner] with approximately 30 to 40 pounds of mari[j]uana every three weeks, totaling 360 to 480 pounds. (PSR ¶ 12.) In late 2011, Howard was arrested and remained incarcerated until 2014. Upon his release, around December 2014 or January 2015, Howard began supplying [Petitioner] with marijuana again. At first, [Petitioner] bought four pounds of a high grade mari[j]uana from Howard. (Id.) [Petitioner] later purchased 15 to 25 pounds in 2015. (Id.) Howard also knew that [Petitioner] received mari[j]uana from another dealer out of Statesboro, Georgia, as well. (Id.)

(Doc. no. 3, pp. 6-7); see also Rule 11 Tr. 17-21 (describing intercepted telephone calls and physical surveillance leading law enforcement to conclude Petitioner was setting up transactions to buy large quantities of marijuana from co-conspirator); Plea Agreem't, pp. 2, 4 (admitting factual basis for conspiracy conviction and agreeing offense involved at least 100 kilograms but less than 400 kilograms of marijuana for sentencing purposes); Sent. Tr. 4 (explaining personal financial difficulties led Petitioner to join conspiracy).

As Petitioner offers nothing in support of his claim of entitlement to a minor-role reduction, and in light of the information set forth above, Mr. Johnston had no basis for arguing for a minor-role reduction. Petitioner had established a long-standing criminal relationship with his co-defendant and drug source, Melvin Howard. Petitioner was in direct contact with co-defendant Howard and personally met with him to pick up the marijuana in amounts Petitioner requested. He participated in the conspiracy for his own financial gain. As tested against the guidance added by Amendment 794 for consideration of requests for a

reduction under U.S.S.G. § 3B1.2, all of these factors counsel *against* a minor-role reduction, and Mr. Johnston cannot be faulted for failing to argue for such a reduction.

No prejudice can be shown for failing to raise a meritless issue. See Winfield, 960 F.2d at 974. Likewise, in choosing not to raise an argument without merit, Mr. Johnston's performance was not deficient. See United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (explaining that, to establish deficient performance by counsel, a petitioner must demonstrate "no competent counsel would have taken the action that his counsel did take" (citation and quotation omitted)). Thus, Petitioner cannot satisfy either prong of the Strickland test, and his ineffective assistance of counsel claim fails.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 8th day of May, 2017, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA